## CATALOGNE *v.* BAURIES.

A third person, in actual possession of movables, under a *bona fide* purchase from the owner, before the issuing of a sequestration against the property at a suit of a creditor of the vendor, is entitled to hold possession, under bond, until the final hearing of the case. And where the purchaser was not made a party to the action against his vendor, he will not be precluded, under the stat. of 5 March, 1842, from bonding in preference to the plaintiff, on the ground of his having permitted ten judicial days to elapse after the serving of the sequestration without exercising the right of bonding.

The fact that an injunction bond was not signed by the surety in the presence of the clerk of the court, is immaterial, where the genuineness of his signature and his sufficiency are satifactorily proved. The clerk's approval of the bond must be presumed from his having issued the injunction.

APPEAL from the Second District Court of New Orleans, *Canon*, J. *Biron*, for the appellant. *Collens*, for the defendant and intervenor. The judgment of the court (ROST, J. absent,) was pronounced by

SLIDELL, J. The petitioner alleged that, at various times, from 1845 to 1849, he had advanced $1,205 to *Bauries*, who had applied it to the establishment of a

CATALOGNE
*v.*
BAURIES.

dairy, with horses, carts, &c., for its use;* and that, to secure the advances, *Bauries* executed a sale of the establishment in his favor. That, in 1849, the defendant being in possession of the dairy, sold and delivered it to *Tisnet*, partly for cash, and partly to the amount of $2,000, on credit; to which sale the petitioner assented, provided that he should be paid his claim out of the price. That *Bauries* has failed to pay him, and *Tisnet* has not fulfilled the conditions. He prayed for a sequestration of the cows, horses, &c., and for judgment against *Bauries* for the amount of his claim; but did not make *Tisnet* a party to the suit. The property was seized under this suit on the 7th February; but the business of the diary seems not to have been interrupted, the sheriff having appointed a keeper who carried it on. On the 24 February, the plaintiff obtained an *ex parte* order for leave to bond the property, upon the ground that the defendant had permitted ten judicial days to elapse without exercising the right of bonding. On the same day, before this order was executed by the sheriff, *Tisnet* filed a petition of intervention; in which he alleges that he had become the *bona fide* purchaser of the property from *Bauries*, and had received possession before the institution of the suit; and that he was therefore entitled to bond it. He prayed also for the citation of the plaintiff and the defendant, and for judgment quieting him in his title and possession. In a supplemental petition, filed a few days afterwards, he reiterates his former allegations, charges that the deprivation of the possession of the property will do him serious injury, and asked an injunction. An injunction issued accordingly.

The respective rights of the plaintiff and intervenor to bond, and the right of the latter to the writ of injunction, were presented to the court below on rule. The judgment of the court below sustained the injunction, and gave the intervenor leave to bond. The cause has not been tried on its merits, and the only question now pending is, the correctness of the interlocutory decree.

At the trial of the rules, after much testimony had been taken *pro* and *con,* the investigation was arrested by an admission on the plaintiff's part, for the purposes of the rule, that all the allegations of *Tisnet's* petition were true.

We think there is no error in the interlocutory decree. *Tisnet,* for the purposes of the present inquiry, whatever may be the result of the investigation upon the merits, stands before us as a third person holding actual possession, under a *bona fide* purchase from *Bauries,* before the sequestration issued; and was therefore entitled to hold possession under bond until the final hearing of the cause, and to enjoin. Nor was the right lost by the expiration of the ten judicial days after the levy of the writ. He had not been made a party defendant, and consequently was not estopped by the lapse of time, under the statute of 1842, p. 204.

The fact that the injunction was not signed by the surety in the presence of the clerk, seems to us immaterial. The genuineness of the surety's signature and his sufficiency were satifactorily proved; and the clerk's approval of the bond must be presumed from his issuing the writ, the order of the judge being that an injunction should issue upon a bond with a surety being given.

The affidavit for the injunction was formal and sufficient.

<div align="right">*Judgment affirmed.*</div>

* *The vacheries* consisted of cattle, horses, carts, and the necessary utensils for carrying it on. There was no land or house sold with it. R.